**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

JUDY B. KILLEN,

    Plaintiff,

v.                                                                 Civil Action No.

RELIANCE STANDARD
LIFE INSURANCE COMPANY,                     5-12CV-137-C

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff, JUDY B. KILLEN, by and through the undersigned counsel and hereby files her Complaint of the Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY, and states the following:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, *et seq.* (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

### II. PARTIES

2. Plaintiff, JUDY B. KILLEN, is a resident of Lubbock, Lubbock County, Texas. Plaintiff was an employee of Covenant Health Systems and was an eligible plan participant of the Group Long Term Disability Insurance plan at all times material to this action.

3. Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY hereinafter ("RELIANCE"), is the insurer and administrator for the Group Long Term Disability Insurance plan at issue in this cause. Defendant has a principal place of business at 2001 Market Street, Suite 1500, Philadelphia, PA 19103-7090, and service of process may be had on its registered agent, CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas, 75201, or an officer of Defendant at its above address.

## III. FACTS

4. As part of Plaintiff's compensation package, Defendant Reliance agreed to provide an insurance plan for long term income disability benefits ("long term plan"), Policy No. LTD 115891, constituting a binding contract of insurance between the parties.

5. The purpose of a long term plan was to provide JUDY B. KILLEN long term disability benefits in the event she became disabled.

6. JUDY B. KILLEN has suffered and continues to suffer from numerous disabling conditions, including, but not limited to, a severe rotator cuff tear to her right shoulder that is irreparable, severe and chronic pain and stiffness to her neck and back, and further severe physical limitations due to a cervical fusion and osteoarthritis, all causing sever and continuous pain. Such disabling conditions caused and continue to cause Plaintiff to be totally disabled as that term is defined in the long term plan.

7. JUDY B. KILLEN was unable to perform the duties of her occupation in early 2009, and on or around May 2009, JUDY B. KILLEN was forced to leave her occupation due to her disabling medical conditions. JUDY B. KILLEN informed RELIANCE that she was unable to return to return to work due to her disabling conditions and submitted a claim for long term disability benefits. JUDY B. KILLEN's physicians communicated to RELIANCE that she was totally disabled

8. RELIANCE commenced disability benefits for Plaintiff on or about May 2009.

9. JUDY B. KILLEN has been found disabled by the Social Security Administration and has received and continues to receive Social Security Disability Income benefits.

10. RELIANCE forwarded a letter dated May 20, 2011, to JUDY B. KILLEN stating that long term disability benefits were being terminated and stating that she was capable of "sedentary" level work capacity.

2

10. JUDY B. KILLEN initiated an appeal of the denial of the long term disability benefits, pursuant to the terms of the Group Long Term Disability Insurance, and RELIANCE has continued their denial of long term disability benefits.

11. JUDY B. KILLEN has exhausted all administrative remedies under ERISA.

### IV. COUNT 1: BREACH OF CONTRACT/LTD BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 11 as if fully stated herein and states further that:

12. JUDY B. KILLEN continues to be totally disabled as that term is defined in the Group Long Term Disability Insurance plan, such total disability continuing from early 2009 to the present.

13. RELIANCE has breached its contract with Plaintiff by terminating Plaintiff from the long term disability benefits, and RELIANCE has failed and refused to honor its obligations under the Group Long Term Disability Insurance plan.

14. Plaintiff is entitled to all benefits of the plan, including future and past due long term disability benefits, plus prejudgment interest retroactive to June 2, 2011, the date such long term disability benefits were terminated. Such long term benefits were terminated despite the medical records and clear opinions of the physicians who had personally and continuously treated the Plaintiff.

15. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the plan;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 15 as if fully stated herein and states further that:

16. Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 1001, *et. seq.,* and 29 U.S.C. § 1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraphs 1 through 16 as if fully stated herein and states further that:

17. As a result of the acts and/or omissions of Defendant, RELIANCE owes the Plaintiff unpaid long term disability benefits, plus interest.

18. Plaintiff seeks a declaration by the Court that Plaintiff is totally disabled as that term is defined in the long term plan, and has remained so since the commencement of paid benefits by Defendant, and that disability benefits pursuant to the plan should be reinstated.

19. Defendant RELIANCE is liable for Plaintiff's attorney's fees and costs of litigation in an amount to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDY B. KILLEN, prays for a judgment against the Defendant RELIANCE for the relief as plead herein, and for such other equitable relief as this Honorable Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF HAROLD H. PIGG

_____
HAROLD H. PIGG
State Bar No. 16005000
P.O. Box 6887
Lubbock, Texas 79493-6887
Telephone: (806) 785-1500
Facsimile: (806) 785-1565

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Judy B. Killen

**DEFENDANTS**
Reliance Standard Life Insurance Company

**(b)** County of Residence of First Listed Plaintiff: Lubbock County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Offices of Harold H. Pigg, P.O. Box 6887, Lubbock, TX 79493
(806) 785-1500

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1001
Brief description of cause:
Suit for disability benefits under contract of insurance (ERISA)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/8/2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 005532  AMOUNT 350.00  APPLYING IFP  JUDGE  MAG. JUDGE